BALDWIN J. LEE (BAR NO. 187413)
E-Mail: blee@allenmatkins.com
MATTHEW SESSIONS (BAR NO. 307098)
E-Mail: msessions@allenmatkins.com
DANIELLA COHENSEDGH (BAR NO. 357221)
E-Mail: dcohensedgh@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone: (949) 553-1313
Fax: (949) 553-8354

Attorneys for Defendant
L.E.K. CONSULTING LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE DAVIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>L.E.K. CONSULTING, LLC; and DOES 1 THROUGH 20,<br><br>Defendants. | Case No.<br><br>**DEFENDANT L.E.K. CONSULTING LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 & 1441** |

**TO THE HONORABLE JUDGES OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF NATALIE DAVIS, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant L.E.K. Consulting LLC ("Defendant") hereby removes this action from the Superior Court for the State of California, in and for the County of Orange, to the United States District Court for the Central District of California. This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b), for the reasons stated below:

1. On February 11, 2025, Plaintiff Natalie Davis ("Plaintiff") filed a complaint in the Superior Court for the State of California, in and for the County of Orange (the "Superior Court"), entitled "*Natalie Davis v. L.E.K. Consulting, LLC, et al.*" designated as Case Number 30-2025-01459545-CU-WT-NJC ("Complaint"). The Complaint alleges disability discrimination, failure to engage in the interactive process, pregnancy discrimination, retaliation, violation of the California Family Rights Act, wrongful termination in violation of public policy, and intentional infliction of emotional distress. The Summons and Complaint, which together constitute the initial pleading that was served on Defendant in this action, are attached hereto as Exhibit A.

2. Defendants DOES 1 through 20 are unnamed and unknown, and therefore, have not been served with the Complaint. *See* Compl. ¶ 3.

3. Defendant filed its answer to the Complaint in the Superior Court on April 15, 2025. A copy of Defendant's Answer is attached hereto as Exhibit B.

4. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of Central District of California. A true and correct copy of the Notice to The Clerk of The Superior Court and Adverse Party of Removal To Federal Court is attached hereto as

Exhibit C (without attachments). Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

5. This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. §§ 1441 and 1446.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

**I. TIMELINESS OF REMOVAL**

7. Plaintiff mailed a copy of her Complaint and Notice and Acknowledgment of Receipt on Defendant on February 26, 2025. *See* Exs. A, D. A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as Exhibit D. Defendant signed and returned a copy of the Acknowledgment of Receipt on March 18, 2025. Ex. D.

8. 28 U.S.C. § 1446(b) requires that a notice of removal be filed within 30 days after service of the complaint is completed. Courts in the Ninth Circuit have held that when a notice of acknowledgment and receipt is used to effectuate service, the date of execution of the notice and acknowledgment of receipt triggers the 30-day removal period. *See Harper v. Little Caesar Enters., Inc.*, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018); *Snow v. AT&T Corp.*, 2005 WL 1798399, at *2 (N.D. Cal. July 27, 2005); *see also Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 198 (1973) (holding that California law "expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service").

9. Here, the 30-day deadline has been met, as this Notice is filed within 30 days after the March 18, 2025 Acknowledgment of Receipt.

**II. REMOVAL IS BASED ON DIVERSITY JURISDICTION**

10. This action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive

of interests and costs. Further, because the U.S. District Court for the Central District of California has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, this action may be removed in its entirety pursuant to 28 U.S.C. § 1441(a) and (b).

**A. Defendant and Plaintiff Are Not Citizens of the Same State**

11. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that she "is an individual residing in the State of California, County of Orange." Compl. ¶ 4. Plaintiff is therefore considered a citizen of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

12. Defendant is a limited liability company (i.e., an "LLC"). *See* Declaration of Chris Randall ("Randall Decl.") ¶ 3. A limited liability company is "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props, Anchorage. LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant L.E.K. Consulting LLC has one member, which is L.E.K. Consulting America Inc., a corporation. Randall Decl. ¶ 3. Accordingly, Defendant's citizenship is determined by looking at the citizenship of its sole member. *Id.*

13. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) and & (d)(2)(A) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which "should normally be the place where the corporation maintains its headquarters,

provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

14. L.E.K. Consulting America Inc. is incorporated in Delaware. *See* Randall Decl. ¶ 4. L.E.K. Consulting America Inc.'s headquarters and principal place of business are in Massachusetts. *Id.* Accordingly, L.E.K. Consulting America Inc. is a citizen of Delaware and Massachusetts and, therefore, Defendant L.E.K. Consulting LLC is also a citizen of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).[1]

**B. The Amount in Controversy Exceeds $75,000**

15. The jurisdictional minimum in a diversity case may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages. *See Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). And Defendants are permitted to use allegations in the Complaint to calculate the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("[T]he court may examine facts in the complaint."); *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012) ("[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (internal quotations and citations omitted).

16. Plaintiff's Complaint, among other things, seeks an unspecified amount of general and special damages, as well as attorneys' fees and costs in connection with her pled causes of action. *See* Compl. ¶¶ 12-13 and Prayer for Relief. Where, as here, the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties" to determine the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1031. Based on the

[1] While Plaintiff lists "Doe" defendants in the complaint, unnamed defendants sued as Does also are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

allegations in the Complaint and the evidence presented by Defendant in the concurrently filed Declaration of Karina Gutierrez ("Gutierrez Decl.") ¶ 3, the threshold amount is clearly satisfied.

17. As an initial matter, Plaintiff alleges throughout her complaint that she seeks to recover damages in the form of lost wages, including lost wages she "continues to suffer" as well as "substantial losses in past earnings [and] bonuses." *See, e.g.*, Compl. ¶¶ 37, 38, 53, 68, 76, Prayer for Relief #1.

18. In assessing an amount in controversy based on lost wages, courts consider both "lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." *Thayer v. Securitas Security Services USA, Inc.*, 2021 WL 1263837, at *2 (C.D. Cal. Apr. 6, 2021). Courts have explained that "if the law entitles [a plaintiff] to recoup . . . future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). "In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are *presently* in controversy." *Id.* (emphasis in original).

19. As explained in the concurrently filed Declaration of Karina Gutierrez, beginning on July 1, 2023 until the end of her employment with Defendant, Plaintiff received a base salary of $135,000 per annum, paid on a semi-monthly basis. *Id.* ¶ 3.a. Plaintiff was also eligible to receive an annual performance bonus up to $30,000 and a World-Wide Firm Bonus of up to 20% of her base salary, plus performance bonuses paid during the year, per annum. *Id.* ¶¶ 3.b., 3.c.[2]

---

[2] Plaintiff was also eligible to receive Life & Accidental Death and Dismemberment Insurance and Long-Term Disability Insurance, with premiums covered by L.E.K. Consulting LLC. Gutierrez Decl. ¶ 3.d.

20. As alleged in the Complaint, Plaintiff's employment was terminated on April 26, 2024, nearly one year before the date of removal. Accordingly, Plaintiff's past lost wages alone—if proven at trial—would be more than $75,000, based on her prior annual base salary of $135,000 and bonuses.

21. Furthermore, and for the avoidance of doubt, adding in future lost wages also clearly pushes the number past the threshold. Even accounting for one additional year of future lost wages—assuming a time between removal and trial of only year—would add another $135,000 in lost wages just based on Plaintiff's base salary. Gutierrez Decl. ¶ 3.a.; *Chavez*, 888 F.3d at 417; Compl. at Prayer for Relief #3 (seeking "[c]onsequential and incidental damages and expenses"); *id.* ¶¶ 37, 38 (stating that Plaintiff "*continues to* suffer substantial losses in earnings, equity, and other employment benefits.") (emphasis added).

22. Finally, Plaintiff's Complaint also seeks punitive damages and attorneys' fees, both of which can contribute to calculating the amount in controversy. With respect to punitive damages, such damages "can contribute to the amount in controversy when they are recoverable as a matter of law." *Valencia v. Republic Servs., Inc.*, 2014 WL 12617370, at *1 (C.D. Cal. Nov. 10, 2014). That is the case here, as Plaintiff alleges violations of the FEHA, which allows for the recovery of punitive damages. *See Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 220–21 (1982) ("[I]n a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained."); *see also Ochoa v. Costco Wholesale Corp.*, 2023 WL 2861906, at *3 (E.D. Cal. Apr. 10, 2023) (considering punitive damages towards the amount in controversy in a FEHA case).

23. "[W]hen specific amounts [of punitive damages] are not alleged by the plaintiff, 'courts look to cases and jury awards with sufficiently similar claims.'" *Lehman v. Amazon.com Servs., LLC*, 2023 WL 8184932, at *5 (E.D. Cal. Nov. 27, 2023). And other district courts have recognized that pregnancy-related wrongful

termination cases have resulted in punitive damage awards near or in excess of $75,000. *See id.* (citing jury awards in pregnancy discrimination and wrongful termination cases of $50,000, $120,000, and $2,000,000); *see also Owuor v. Wal-Mart Assocs., Inc.*, 2022 WL 1658738, at *3 (E.D. Cal. May 25, 2022) (taking judicial notice of pregnancy discrimination cases with jury awards of $3,854,320 and $450,000 for punitive damages).

24. With respect to fees, claims for attorneys' fees are also properly included in determining an amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (*citing Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *see also Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (finding reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *see also Reyes v. Carehouse Healthcare Ctr., LLC*, 2017 WL 2869499, at *4 (C.D. Cal. July 5, 2017) (same).

25. In cases involving claims of pregnancy discrimination and wrongful termination, courts have permitted estimates of 100 hours at a reasonable rate of $300 per hour. *See, e.g.*, *Lehman*, 2023 WL 8184932, at *3 ("based on its experience, the court agrees that $30,000 is a reasonable and conservative estimate of the potential attorneys' fees, especially when accounting for plaintiff's prosecution of twelve separate claims."); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)."). Here, Plaintiff asserts seven different causes of action. Accordingly, even a conservative estimate of half that amount (i.e., $15,000 in attorneys' fees) would be reasonable.

26. For these reasons, and according to both the express language and a reasonable reading of the Complaint, as well as the evidence set forth by Defendant,

Plaintiff's demand for damages is well in excess of $75,000.[3] *See, e.g.*, *Lehman*, 2023 WL 8184932, at *5 ("In sum, defendant has shown that it is more likely than not that emotional distress damages and penalties in the form of punitive damages and civil penalties amount to more than $15,000 in controversy. Taken together with the $60,000 from plaintiff's claims for lost wages and attorneys' fees, defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds the jurisdictional threshold.").

## III. ASSIGNMENT

27. Finally, Assignment to the United States District Court for the Central District of California, Southern Division is proper because the state action Plaintiff filed is pending in Orange County Superior Court and arose in Orange County. 28 U.S.C. §§ 1441(a), 1446(a).

WHEREFORE, Defendant removes the above-entitled action now pending in the Orange County Superior Court to this Court.

---

[3] Additionally, Plaintiff seeks "[g]eneral and special damages, including, but not limited to, pain and suffering, emotional distress, loss of reputation and medical expenses, in an amount according to proof at time of trial." While damages for pain and suffering and emotional distress are often speculative and not enough alone to satisfy the amount in controversy threshold alone, when combined with more defined damages such as lost wages they are additional evidence that the threshold has been met. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding it was facially apparent that the amount in controversy requirement was met where the complaint sought relief for property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework).

Dated: April 16, 2025

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
BALDWIN J. LEE
MATTHEW SESSIONS
DANIELLA COHENSEDGH

By: /s/ Matthew Sessions
MATTHEW SESSIONS
BALDWIN J. LEE
Attorneys for Defendant
L.E.K. CONSULTING LLC