# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 02/11/2025 11:13:30 AM.
30-2025-01459545-CU-WT-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By M. Diaz, Deputy Clerk.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
L.E.K. Consulting LLC.; and DOES 1 THROUGH 20

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
NATALIE DAVIS, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
~~Central Justice Center 700 Civic Cente~~ XXXX
North Justice Center
1275 North Berkeley Avenue
Fullerton, CA 92832
md

CASE NUMBER:
*(Número del Caso):* 30-2025-01459545-CU-WT-NJC

Assigned for all purposes: Judge Craig Griffin

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John E. Lattin OSTERGAR LATTIN JULANDER LLP 9110 Irvine Center Drive Irvine, CA 92618; (949) 305-4590

DATE: 02/11/2025 DAVID H. YAMASAKI, Clerk of the Court
*(Fecha)*
Clerk, by *(Secretario)* [signature] M. Diaz, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[S




**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* L.E.K. Consulting LLC

   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* limited liability company
4. [ ] by personal delivery on *(date)*:

Electronically Filed by Superior Court of California, County of Orange, 02/11/2025 11:13:30 AM.
30-2025-01459545-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By M. Diaz, Deputy Clerk.

John E. Lattin (State Bar No. 167876)
jlattin@ostergar.com
**OSTERGAR LATTIN JULANDER LLP**
9110 Irvine Center Drive
Irvine, California 92618
Phone: (949) 305-4590
Fax: (949) 305-4591

Attorneys for Plaintiff
Natalie Davis

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

NATALIE DAVIS, an individual,

Plaintiff,

v.

L.E.K. Consulting LLC.; and DOES 1 THROUGH 20.

Defendants.

Case No.: 30-2025-01459545-CU-WT-NJC
Judge:
Dept.: Assigned for all purposes: Judge Craig Griffin

**COMPLAINT FOR:**

1) Disability Discrimination in Violation of FEHA;
2) Failure to Engage in the Interactive Process in Violation of FEHA;
3) Pregnancy Discrimination in Violation of FEHA;
4) Retaliation in Violation of FEHA;
5) Violation of the California Family Rights Act;
6) Wrongful Termination in Violation of Public Policy; and
7) Intentional Infliction of Emotional Distress

**JURY TRIAL DEMANDED**

Plaintiff Natalie Davis ("Plaintiff") hereby alleges as follows:

## INTRODUCTION

1. The California Fair Employment and Housing Act's ("FEHA's") prohibitions against discrimination of pregnant women are a vital part of enabling pregnant women in California to remain in the workforce and to support their families. Among other protections, FEHA prohibits employers from discriminating against employees because of pregnancy. Cal. Gov't Code § 12940(a).

2. The California Family Rights Act ("CFRA") authorizes eligible employees to take up to 12 weeks of job-protected leave, among other reasons, to care for a family member with a serious health condition. Among other protections, CFRA prohibits employers from discriminating or retaliating against employees for taking a CFRA leave(s) of absence to care for a family member with a serious health condition.

3. Plaintiff brings this action against Defendant L.E.K. Consulting LLC ("L.E.K."), and DOES 1 THROUGH 20, inclusive, (collectively, "Defendants") on the grounds that they discriminated against her because of pregnancy, wrongfully terminated her employment and engaged in other unlawful employment practices.

## PARTIES

4. Plaintiff is an individual residing in the State of California, County of Orange.

5. Defendant L.E.K. is a Delaware limited liability company doing business in California.

6. The true names and capacities of Defendant Does 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff and are therefore sued by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff will amend the Complaint to show their true names and capacities once they have been ascertained.

7. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named DOES 1 THROUGH 20 are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and damages as alleged herein were actually and proximately caused by their conduct.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, at all relevant times herein were the agents, employees, servants, joint venturers, alter egos, parents, subsidiaries, management companies, holding companies, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining Defendants. Defendants, in doing the things hereinafter alleged, were acting within the course and scope of such relationships and are responsible in some manner for the occurrences herein alleged and, as a proximate cause, of Plaintiff's damages as herein alleged.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action because the action involves issues of state law.

10. Venue is proper in this judicial district pursuant to Code of Civil Procedure section 395.5 and Government Code section 12965 because unlawful actions were committed in Orange County.

### Plaintiff Is a Qualified Individual with a Disability.

11. L.E.K. hired Plaintiff as an Associate with a start date of January 7, 2022. Plaintiff's job duties and responsibilities included driving research, building analyses and models, interpreting complex data, identifying critical client issues, solving analytical challenges, creating client presentations.

12. Plaintiff moved to San Francisco, California, when L.E.K. initiated "return to office" requiring employees to return to working in-office from the at-home model they used during the COVID-19 pandemic.

13. Plaintiff consistently met or exceeded objective performance matrices, and her 2021 and 2022 end of year reviews were "Excellent," and obtained on on-time promotion to Associate Consultant.

14. Plaintiff suffers from depression which can, at times, be debilitating, and Plaintiff advised L.E.K. that she suffers from depression on multiple occasions. Some individuals (e.g., coaches and mentors) advised Plaintiff not to submit a formal request for a reasonable accommodation because they believed L.E.K. would retaliate against her.

**<u>L.E.K. Failed to Engage in the Interactive Process and Failed to Provide Plaintiff a Reasonable Accommodation.</u>**

15. As referenced above, Plaintiff complied with in-office requirements, despite her disability (e.g., depression and related mental health issues). In January 2022, Plaintiff moved to San Francisco, California and complied with L.E.K.'s in-office working requirements.

16. In or about February 2021, Plaintiff submitted interested in the SWAP program shortly after hiring, which involved submitting a consideration request form on the internal employee management system. The SWAP program allows employees to switch with peers to move to another country for a six month period. During this time, L.E.K. has promised resources in obtaining provision of French Social Security (e.g., healthcare).

17. On or about March 19, 2023, Plaintiff moved to Paris, France, pursuant to L.E.K.'s SWAP program. When Plaintiff transferred to Paris, she complied with all L.E.K. policies and procedures, and continued to meet expectations workwise.

18. On or about March 20, 2023, Plaintiff sought the assistance which had previously been promised from L.E.K. to obtain medicine and therapy for her depression and anxiety. Again, Plaintiff complied with L.E.K.'s policy of obtaining doctor's notes, which came at a great mental and emotional burden to Plaintiff during that difficult time.

19. On or about May 31, 2023, Plaintiff commenced a leave of absence for depression.

20. On or about June 18, 2023, Plaintiff still had not received confirmation of disability accommodations (e.g., flex time to work from home, relocating her desk to a less stimulating spot in the office). Based on her doctor's advice, she requested an extension on her medical leave.

21. On or about June 27, 2023, Plaintiff was released to return to work but L.E.K. did not staff her to another case for the rest of the program. Rather, from July 3, 2023, through July 30, 2023, L.E.K. placed Plaintiff on a 50% allocation (e.g., L.E.K. did not provide Plaintiff full work hours and instead gave her approximately one-half of the amount of typical work hours). In addition, L.E.K. failed to provide Plaintiff the assistance promised, including but not limited to, healthcare, a mentor in the workplace, case work, etc. Plaintiff spent a great amount of financial, emotional, and mental resources and was met with a hostile work environment and the withholding

of medical and administrative aid.

22. On or about September 18, 2023, the SWAP program ended, and Plaintiff returned to the United States.

23. Upon returning to the United States, Plaintiff continued to comply with L.E.K. policies and procedures and obtained approval from L.E.K. to reside in Orange County for the remainder of her pregnancy due to health concerns.

**<u>During Her Employment, Plaintiff Also Suffered Pregnancy-Related Disabilities</u>**

24. On or about October 16, 2023, Plaintiff resumed work. Plaintiff was assigned to the L.E.K. San Francisco office and worked remotely from Orange County, California.

25. On or about October 21, 2023, Plaintiff informed L.E.K. that she was pregnant.

26. On or about October 24, 2023, three days after she informed L.E.K. of her pregnancy, Plaintiff received a performance evaluation of 2 out of 5 (below expectations). This was the first performance evaluation that did not meet or exceed expectations, and Plaintiff expressed concerns to L.E.K. that the performance evaluation was related to her leave related to her depression and her pregnancy-related disabilities.

**<u>L.E.K. Retaliated against Plaintiff for Asserting Her Rights under the FEHA.</u>**

27. On or about October 30, 2023, Plaintiff began a new case, in which she received positive feedback in spite of her severe pregnancy-related illness. Plaintiff's direct manager said she would evaluate Plaintiff's performance at "high 3."

28. On or about November 21, 2023, although Plaintiff' direct manager was pleased with Plaintiff's performance, more senior management forced Plaintiff' direct manager to lower Plaintiff' evaluation to a very low 3.

29. On or about December 1, 2023, Plaintiff started another case but she was pulled off shortly thereafter.

30. On or about December 14, 2023, in responses to Plaintiff's request for an accommodation, L.E.K. offered to reduce her hours and pay by 80%.

31. On or about December 21, 2023, Plaintiff was admitted to the hospital due to pregnancy-related complications.

32. On or about January 24, 2024, L.E.K. sent Plaintiff notice that Plaintiff's employment with L.E.K. would be terminated effective April 26, 2024, and in fact, L.E.K. terminated Plaintiff on April 26, 2024, two days after Plaintiff was scheduled to deliver her baby.

33. Prior to filing this action, Plaintiff timely exhausted administrative remedies, by timely filing an administrative complaint with the California Civil Rights Commission ("CCRC") and receiving a right to sue letter dated February 10, 2025.

34. As a result of L.E.K.'s violation of California employment laws, Plaintiff seeks statutory penalties, attorneys' fees, costs and expenses, and other appropriate relief.

## FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of FEHA**

**(Against All Defendants)**

35. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, and incorporates the same herein by reference as though fully set forth herein.

36. At all times herein mentioned, Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding on Defendants. Plaintiff was member of a group protected by the statute, in particular section 12940(a) which prohibits discrimination in employment based on disability.

37. The adverse employment action Defendants took against Plaintiff, including but not limited to, the termination of Plaintiff's employment by Defendants constitutes discrimination based on disability and violated Government Code § 12940(a).

38. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

39. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to her personal and professional reputation and credibility, and Defendants having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

40. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

41. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. An award of punitive damages against Defendants is therefore warranted.

**<u>SECOND CAUSE OF ACTION</u>**

**Failure to Engage in the Interactive Process and Provide Reasonable Accommodation in Violation of Cal. Gov't Code 12940(a)**

**(Against All Defendants)**

42. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, and incorporates the same herein by reference as though fully set forth herein.

43. At all times herein mentioned, Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding on Defendants. Plaintiff was member of a group protected by the statute, in particular section 12940(a) which prohibits discrimination in employment based on disability. Section 12940(m)-(n) requires employers to engage in the interactive process and reasonably accommodate qualified individuals with disabilities.

44. Defendants failed to engage in the interactive process and failed to provide reasonable accommodation in violation of FEHA.

45. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

46. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to her

personal and professional reputation and credibility, and Defendants having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

47. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

48. Plaintiff is informed and believes, and thereon alleges, that Defendants' committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. An award of punitive damages against Defendants is therefore warranted.

**THIRD CAUSE OF ACTION**

**Pregnancy Discrimination in Violation of FEHA (Cal. Gov't Code § 12940(a))**

**(Against All Defendants)**

49. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, and incorporates the same herein by reference as though fully set forth herein.

50. Under California Government Code section 12940(a), "[i]t is an unlawful employment practice . . . [f]or an employer, because of . . . sex, . . . to discriminate against [any] person in compensation or in terms, conditions, or privileges of employment." The FEHA defines "sex" to include "[p]regnancy or medical conditions related to pregnancy." Cal. Gov't Code § 12926(r)(1).

51. Plaintiff was a member of protected class because she was pregnant. Plaintiff would have been able to continue working for Defendants with reasonable accommodation.

52. Plaintiff is informed and believes, and thereon alleges Defendants terminated Plaintiff's employment because she was pregnant in violation of Government Code section 12940(a).

53. As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has

suffered, and continues to suffer, substantial losses in past earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

54. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, and Defendants having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

55. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

56. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. An award of punitive damages against Defendants is therefore warranted.

## <u>FOURTH CAUSE OF ACTION</u>

**Violation of California Family Rights Act**

**(Against All Defendants)**

57. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, and incorporates the same herein by reference as though fully set forth herein.

58. The California Family Rights Act ("CFRA") provides that an employer must provide an employee job-protected leave for a family member with a serious health condition and prohibits retaliation against an employee who requests and/or takes a CFRA leave of absence.

59. Defendants were and are a covered employer under CFRA, Government Code

section 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an eligible employee on an approved CFRA leave for a serious health condition.

60. Defendants violated the CFRA by, among other things, firing Plaintiff because she requested and took CFRA leaves of absence for a serious health condition.

61. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

62. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to her personal and professional reputation and credibility, and Defendants having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

63. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

64. Plaintiff is informed and believes, and thereon alleges, that Defendants' committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. An award of punitive damages against Defendants is therefore warranted.

**<u>FIFTH CAUSE OF ACTION</u>**

**Retaliation in Violation of FEHA**

**(Against All Defendants)**

65. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, and incorporates the same herein by reference as though fully set forth herein.

66. At all times herein mentioned, Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding on Defendants. Plaintiff was member of a group protected by

the statute, in particular section 12940 which prohibits retaliation for exercising protected rights under the FEHA.

67. Plaintiff is informed and believes that Defendants terminated her employment because she sought reasonable accommodation(s) for disabilities, she took leaves of absence related to her disabilities and pregnancy, and exercised other rights afforded to her under the FEHA.

68. As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, substantial losses in past earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

69. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, and Defendants having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

70. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

71. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. An award of punitive damages against Defendants is therefore warranted.

## SIXTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against All Defendants)**

72. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, and incorporates the same herein by reference as though

fully set forth herein.

73. At all times relevant herein, Plaintiff was an employee of Defendants.

74. Under the California common law, an employer is liable for terminating an employee for an unlawful reason or for a purpose that violates a fundamental public policy based in statute or the Constitution.

75. At all times herein mentioned, state and federal statutes were in full force and effect that delineate fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon Defendants, and each of them, at the time of Plaintiff's employment and termination. (*See* Gov. Code § 12940(a) [prohibiting discrimination against an employee because of their sex, disability, medical condition, or retaliating against an employee for complaining about discrimination]; 29 USC § 2601 et seq. [protecting an employees' right to a leave of absence in the event of birth, pregnancy, and serious health conditions].)

76. As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, substantial losses in past earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

77. As further direct, foreseeable and proximate result of Defendants behavior, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, and Defendants having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

78. As further direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

79. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. An award of punitive damages against Defendants is

therefore warranted.

**<u>SEVENTH CAUSE OF ACTION</u>**

**Intentional Infliction of Emotional Distress**

**(Against All Defendants)**

80. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, and incorporates the same herein by reference as though fully set forth herein.

81. Defendant's discriminatory actions against Plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

82. Defendants' conduct as described above was extreme and outrageous and was done with the intent of causing Plaintiff to suffer emotional distress or with reckless disregard as to whether their conduct would cause her to suffer such distress.

83. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been proximately caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

84. As a further proximate result of the acts and conduct of defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but she is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

85. Plaintiff is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and their agents and employees as follows:

1. Actual damages, including loss of past earnings, bonuses, deferred compensation, and other employment benefits in an amount according to proof at time of trial;

2. General and special damages, including, but not limited to, pain and suffering, emotional distress, loss of reputation and medical expenses, in an amount according to proof at time of trial;

3. Consequential and incidental damages and expenses, in an amount according to proof at time of trial;

4. Pre-judgment and post-judgment interest, at the prevailing legal rate;

5. For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;

6. For reasonable attorney's fees and costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just, proper and equitable.

DATED: February 11, 2025

OSTERGAR LATTIN JULANDER LLP

By: ________________________
John E. Lattin
Attorneys for Plaintiff
Natalie Davis

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**JURY TRIAL DEMAND**

Plaintiff hereby makes a demand for her constitutional right to trial by jury for all triable issues in the above–titled action.

DATED: February 11, 2025

OSTERGAR LATTIN JULANDER LLP

By: ______________________

John E. Lattin
Attorneys for Plaintiff
Natalie Davis